

**Greenbaum Rowe Smith & Davis LLP**
COUNSELORS AT LAW

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600     FAX (732) 549-1881
DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712
INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

NEW YORK OFFICE:
747 THIRD AVENUE
2ND FLOOR
NEW YORK, NY 10017
(212) 847-9858

ALAN S. NAAR
(732) 476-2530 - DIRECT DIAL
(732) 476-2531 - DIRECT FAX
ANAAR@GREENBAUMLAW.COM

February 26, 2020

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court for the
District of New Jersey
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Partial Seal Requested**

        Re:     Roofers' Pension Fund v. Perrigo Company plc, et al.,
                   No. 2:16-CV-2805-MCA-LDW and related cases listed in footnotes
                   1 & 3 below

Dear Judge Wettre:

      This firm, together with Fried, Frank, Harris, Shriver & Jacobson LLP, represents Defendant Perrigo Company plc ("Perrigo") in the above-captioned class action and the Individual Actions.[1] We write on behalf of all defendants (Perrigo, Judy Brown, and Joseph Papa, collectively "Defendants"), in accordance with the Court's December 12, 2019 Order (ECF 242), to provide the Court with a status update regarding the above-captioned class action and the Individual Actions.

---

[1] The "Individual Actions" are: *Carmignac Gestion, S.A. v. Perrigo Co. plc et al.*, No. 2:17-cv-10467 (D.N.J.); *Mason Capital L.P. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01119 (D.N.J.); *Pentwater Equity Opportunities Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-01121 (D.N.J.); *Harel Ins. Co., Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-02074 (D.N.J.); *First Manhattan Co. v. Perrigo Co. plc et al.*, No. 2:18-cv-02291 (D.N.J.); *TIAA-CREF Inv. Mgmt., LLC et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-08175 (D.N.J.); *Nationwide Mut. Funds et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-15382 (D.N.J.); *WCM Alts.: Event-Driven Fund et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16204 (D.N.J.); *Hudson Bay Master Fund Ltd. et al. v. Perrigo Co. plc et al.*, No. 2:18-cv-16206 (D.N.J.); *Schwab Capital Trust et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-03973 (D.N.J.); and *Aberdeen Canada Funds-Glob. Equity Fund et al. v. Perrigo Co. plc et al.*, No. 2:19-cv-06560 (D.N.J.). On January 3, 2020, an individual action captioned *Manning & Napier Advisors, LLC v. Perrigo Co. plc et al.*, No. 2:18-cv-00674 (D.N.J.) was dismissed by stipulation of the parties.



Hon. Leda Dunn Wettre, U.S.M.J.
February 26, 2020
Page 2

### I. The United States' Request for Extension of the Limited Stay of Discovery

As the Department of Justice noted in its letter dated February 21, 2020 (ECF 247), Defendants take no position on the request by the United States for a further extension of the limited stay of discovery relating to the pricing, sale, and marketing of Perrigo's domestic generic prescription drugs, originally granted October 16, 2019 (ECF 220) and extended on December 12, 2019 (ECF 242). If the Court grants the United States' request for an extension of the stay, that will have an effect on any deadlines the Court may choose to set for fact and expert discovery.

### II. Discovery Status

#### A. Document Production

Perrigo has produced in excess of 2.45 million pages of material (more than 387,500 documents) in response to Lead Plaintiffs' requests for production. Perrigo also has produced a privilege log regarding documents withheld from, or redacted in, its document productions in the class action and is in the process of supplementing that privilege log in light of documents withheld from, or redacted in, a supplemental document production made by Perrigo in January 2020 in response to supplemental queries from plaintiffs. Plaintiffs have, at various times, asked Perrigo to re-check certain potential sources of data. Perrigo has done so and, when additional responsive, non-privileged materials were located, those documents were produced.

## Sealed by Court Order

Perrigo is currently reviewing documents in response to recent requests for production made in some of the Individual Actions and has made, and will continue to make, rolling productions of responsive, non-privileged documents. As of February 25, 2020, Perrigo has produced in excess of 32,000 pages of materials (more than 6,700 documents) in response to requests for production made in the Individual Actions, which documents, like the documents produced by Perrigo in response to Lead Plaintiffs' document requests, have been provided to all of the plaintiffs in all of the above-referenced actions. Perrigo has prioritized, and will continue to prioritize, producing documents in connection with the Individual Actions from custodians



Hon. Leda Dunn Wettre, U.S.M.J.
February 26, 2020
Page 3

whom plaintiffs have indicated they seek to depose in order to ensure that all responsive, non-privileged documents for that deponent have been produced prior to his or her deposition. Perrigo also has answered nine interrogatories propounded by plaintiffs in Individual Actions.

In response to Defendants' document requests, Lead Plaintiffs have produced 941 pages of material (423 documents), the vast majority of which are in a foreign language. Defendants have also served document requests upon a number of the plaintiffs in Individual Actions. To date, those plaintiffs have collectively produced in excess of 54,000 pages of material (in excess of 9,600 documents).

Finally, twelve non-parties have produced in excess of 400,000 pages of material (in excess of 9,200 documents), all in response to Rule 45 subpoenas served by Lead Plaintiffs.

B. <u>Depositions</u>

As of February 25, 2020, Lead Plaintiffs, along with plaintiffs in the Individual Actions, have taken 14 depositions over 17 days (over approximately 80 hours), including one deposition of Perrigo taken pursuant to Fed. R. Civ. P. 30(b)(6) regarding document preservation and collection.[2]

Lead Plaintiffs, in conjunction with plaintiffs in the Individual Actions, have indicated that they seek to take four additional depositions at this time (three individual depositions and one deposition of Perrigo pursuant to Fed. R. Civ. P. 30(b)(6) regarding generic prescription drugs). Defendants are in the process of gathering relevant information in order to respond to Lead Plaintiffs' request.

As previously explained in Defendant's November 22, 2019 letter to the Court (ECF 234), Defendants believe that Lead Plaintiffs' proposed Rule 30(b)(6) topics are vastly overbroad. Additionally, Lead Plaintiffs' proposed Rule 30(b)(6) topics related to generic prescription drugs are further complicated by the DoJ's limited stay of discovery and, therefore, the Court's decision on whether to grant the DoJ's request to extend the stay will inform certain issues regarding Lead Plaintiffs' 30(b)(6) notice to Perrigo. Attached hereto as Attachment A (under seal) are the eight topics Lead Plaintiffs have proposed related to generic prescription drugs. Defendants believe the best way to proceed is to set a briefing schedule to address Defendants' concerns regarding Lead Plaintiffs' Rule 30(b)(6) notice and related issues.

# Sealed by Court Order

---

[2] In order to protect the privacy of individuals who have been deposed or may be deposed, we have not identified them by name in this letter.



Hon. Leda Dunn Wettre, U.S.M.J.
February 26, 2020
Page 4

# Sealed by Court Order

To date, plaintiffs have not indicated an interest in deposing non-party witnesses who are not former Perrigo employees.

C. <u>Newly Filed Individual Actions (Since November 2019)</u>

Three additional individual opt-out actions have recently been filed by counsel for other opt-out plaintiffs who are already before this Court.[3] Perrigo has been in touch with counsel for plaintiffs in each of these actions to discuss filing stipulations regarding coordination of discovery (and other related matters) similar to the stipulations previously filed in other Individual Actions, and we expect that those stipulations will be filed shortly.

An additional individual action was filed in the District of Massachusetts,[4] which Defendants moved to transfer to this District. On January 29, 2020, the District Court in Massachusetts heard oral argument in connection with that motion, and the parties are awaiting the Court's decision.

* * * * * * * * * *

Defendants appreciate the opportunity to discuss the issues related to the stay extension request with the Court during the telephonic conference on Monday, March 2, 2020 at 2 p.m. Defendants reserve all rights to provide additional information to the Court at that time, including in response to any contentions made by plaintiffs in any letters they choose to submit in advance of the conference.

Respectfully yours,

Alan S. Naar

Attachment
cc (w/Attachment) via ECF and email:
    Counsel for All Parties

---

[3] *Discovery Glob. Citizens Master Fund, Ltd. v. Perrigo Co. plc, et al.*, No. 2:19-cv-21502, ECF 1 (D.N.J. Dec. 18, 2019); *York Capital Mgmt., L.P. v. Perrigo Co. plc, et al.*, No. 2:20-cv-01484, ECF 1 (D.N.J. Dec. 20, 2019); *Burlington Loan Mgmt. DAC v. Perrigo Co. plc, et al.*,  No. 2:20-cv-01484, ECF 1 (D.N.J. Feb. 12, 2020).

[4] *Highfields Capital I L.P., et al. v. Perrigo Co. plc, et al.*, No. 1:19-cv-10285, ECF 1 (D. Mass. Feb. 14, 2019).